```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In the matter of the application
of ANN MILLER and MARY MILLER,
"NEXT FRIENDS" of DANIEL MILLER,
and DANIEL MILLER,
                                        MEMORANDUM & ORDER
                   Petitioners,         12-CV-2511(JS)

          -against-

SHERIFF SPOSATO as WARDEN OF THE
NASSAU COUNTY CORRECTIONAL CENTER,
KATHLEEN RICE, District Attorney,
Nassau County, and the COUNTY
ATTORNEY, NASSAU COUNTY
                    RESPONDENTS.
----------------------------------X
APPEARANCES
Petitioners:            Ann Miller, pro se
                        Mary Miller, pro se
                        207 West Broadway
                        Inwood, NY 11096

                        Daniel Miller, pro se
                        00006966
                        Nassau County Correctional Facility
                        C.C.# 9700-5349, Location E1-056
                        100 Carman Avenue
                        East Meadow, NY 11554

Respondents:            No appearances.
```

SEYBERT, District Judge:

    Pending before the Court is a petition for a writ of habeas corpus (the "Petition") brought by Petitioners Ann Miller, Mary Miller, and Daniel Miller. Of the three Petitioners, only Daniel Miller is currently incarcerated. Ann and Mary Miller join in the Petition purportedly as Daniel Miller's "next friends." In accordance with the following

discussion, the Court sua sponte dismisses the Petition without prejudice to renew.

BACKGROUND

Daniel Miller is charged with criminal sexual assault and is being held at the Nassau County Correctional Center. Bail was set at one million dollars cash or, in the alternative, two million dollars bond. (Pet. ¶¶ 6, 9.) Petitioners claim that this bail is excessive in light of, among other things, the weakness of the prosecution's case (see id. ¶¶ 20-22) and Daniel's role as caregiver to his sister Ann Miller (Mary Miller Aff. ¶ 14). On the latter point, Petitioners explain that Ann is 60 years old, legally blind, and suffering from kidney failure. (Id. ¶ 7.) Daniel cares for Ann and is the only family member available to transport her to her dialysis appointments. (Id. ¶ 14.) Petitioners further explain that Daniel is a possible kidney donor for Ann (id. ¶ 9) and is also responsible for taking care of Mary Miller, his 80-year-old mother (id. ¶ 23(g)). Mary suffered a stroke and depends on Daniel for food shopping, physical assistance, and financial support. (Id.)

Petitioners filed their Petition on May 18, 2012 but did not include either the five dollar filing fee or an application to proceed in forma pauperis. The Clerk of the Court sent Petitioners a "Notice of Deficient Filing" on the

same day. Petitioners paid the filing fee on May 24, 2012, and an entry memorializing the payment was docketed on June 4, 2012.

DISCUSSION

Petitioners seek habeas relief on the ground that Daniel Miller is being held on excessive bail in violation of the Eighth Amendment. Without reaching whether Mary and Ann Miller have adequately demonstrated standing as Daniel's "next friends," see Clark v. Burge, No. 06-CV-0658, 2007 WL 1199475, at *2 (W.D.N.Y. Apr. 19, 2007), the Court concludes sua sponte that Petitioners' application must be denied for failure to exhaust their claim in state court, see King v. DeMarco, No. 11-CV-2000, 2011 WL 3471548, at *1 (E.D.N.Y. Aug. 3, 2011) (dismissing an excessive bail habeas petition for failure to exhaust). Whether seeking relief under 28 U.S.C. § 2241 or § 2254, prisoners challenging their state court detention are required to exhaust state remedies before their petitions will be considered. Id. New York's Article 70--the state law habeas statute--is the vehicle for prisoners to present their Eighth Amendment excessive bail claims to a state court. See id.; Garson v. Perlman, 541 F. Supp. 2d 515, 520 (E.D.N.Y. 2008). Petitioners have not sought Article 70 relief here because, in their view, state Supreme Court justices "repeatedly decline" to disturb orders from their colleagues on the criminal court

bench. (See Pet. ¶ 17B). This is not a sufficient basis for the Court to excuse the exhaustion requirement.

## CONCLUSION

Based on the foregoing discussion, Petitioners' application for habeas relief is DENIED WITHOUT PREJUDICE. Petitioners may renew their application following exhaustion. At that time, if appropriate, the Court will determine whether Ann and Mary Miller have standing as Daniel's "next friends."

The Clerk of the Court is respectfully directed to mail all three Petitioners a copy of this Order and to close this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 8, 2012
       Central Islip, New York

4